UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JASON B. BROWN,

    Plaintiff,

    v.       CAUSE NO. 1:23-CV-285-HAB-SLC

DEREK BOGENSCHUTZ,

    Defendant.

OPINION AND ORDER

Jason B. Brown, a prisoner without a lawyer, filed a complaint against Derek Bogenshutz, a Jay County Sheriff's Deputy. ECF 4. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brown alleges that, in October and November of 2022, Officer Bogenshutz and several other people hacked his cell phone using "a Hack app. Program from The Netherlands" on his phone, and accessed information about his identity, finances, and location. ECF 4 at 2. He believes they hacked his "finwist card" and his first financial bank checking card, changed the card numbers, and began tracking how and where the cards were used. He believes this information was used to send people with guns to

two different hotel rooms where he stayed: one in Portland, Indiana, and one in Muncie, Indiana.

He believes Officer Bogenshutz is responsible for hacking his cell phone, tracking his location, and sending people with guns to his hotel rooms because in mid-November, Brown went to his girlfriend's apartment and, shortly after he arrived, someone "pinged" his cell phone's location. He claims he could see the location of the device that was tracking his phone, and he left his phone at his girlfriend's house and drove to the location that was tracking him. Once he arrived, he found Officer Bogenshutz in a Jay County Sheriff's SUV. He returned to his girlfriend's home and tried to use his phone to buy a police surveillance application, but the purchase was restricted because his bank card settings had been hacked.

He believes the hacked phone was used to take photographs and video of him inside his girlfriend's home without his knowledge. He believes this was an effort to harm him or set him up with criminal charges. Brown believes "Officer Bogenshutz obviously was conspiring Against [him]." ECF 4 at 4. He feels "as though Officer Bogenshutz is involved in a criminal gang organization called Goon Squad." *Id.* He believes that, when he "started going through my hacked cell phone[']s attack on me" the hackers changed his account settings to "burn [his] phone down." *Id.*

He also notes he "found A Thing on Wikipedia Translated Dictionary Language's Search my Name Jason Brown in Arias converted to Traditional Chinese. from gang minded People's use in organized crime!! Rubber Stamp of Approval[.]"

He closes his complaint with the following:

2

> Ie gout cause Death, place Death, Death Beneficiaries This was all Found By me Through This Attack against me And my cell Phone # 260-234-0034 I Bought A New phone It was a Zte Blade Hacked phone Both my AO3 galaxy have Both Been mailed As federal Evidence in This matter of my Hack Phone's and criminal Attack on me.

ECF 4 at 5.

Though not all of Brown's allegations are factually impossible, collectively they "are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Therefore, this case will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 Fed. Appx. 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722

F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it is frivolous.

SO ORDERED on February 29, 2024.

s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT
